```
                                                         CLERK'S OFFICE U.S. DIST. COURT
                                                              AT ROANOKE, VA
                                                                   FILED
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF VIRGINIA              JUN 2 8 2006
                         HARRISONBURG DIVISION
                                                            JOHN F. CORCORAN, CLERK
                                                         BY:
                                                                DEPUTY CLERK
```

LINDA RAYNOR,                )
                             )
        Plaintiff,           )       Civil Action No. 5:06-CV-00061
                             )
v.                           )       **MEMORANDUM OPINION**
                             )
VIRGINIA DEPT. OF            )
SOCIAL SERVICES,             )       By: Samuel G. Wilson
                             )       United States District Judge
        Defendant.           )

Plaintiff Linda Raynor, proceeding pro se, brings this action against the Virginia Department of Social Services (DSS), claiming, among other things, that "this Court has an independent ground for jurisdiction to entertain Complaint in Intervention under 42 U.S.C. § 1983, because it seeks declaratory and injunctive relief under the Supremacy Clause . . . on the ground that [DSS] actions are unlawful according to federal law." Raynor seeks to proceed in forma pauperis (IFP) and appears to seek a "preliminary injunction to prevent DSS [from] taking anymore kids till over site [sic] is setup." Raynor's complaint, however, is unintelligible and is one in a series of repetitive actions she has filed against DSS. Having considered Raynor's complaint, the court will grant Raynor IFP status; however, the court dismisses Raynor's action because she has a pending action against DSS in which she has asserted her constitutional claims and because her complaint fails to meet minimum standards of rationality and specificity. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "is frivolous or malicious"); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that the liberal construction of pro se complaints has limits and "does not

Dockets.Justia.com

require those courts to conjure up questions never squarely presented to them").

ENTER: This 28th day of June, 2006.

                                                                                    UNITED STATES DISTRICT COURT